**Dated: November 24, 2008**

**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**John Wyly**,

        Debtor.

**Carol Wood Mitchell, Trustee**,

        Plaintiff,

vs.

**Sue Medearis Wyly**, an individual; **Michael Wyly**, an individual; **Mark M. Wyly**, an individual; **Robert Sidney Wyly**, an individual; **James C. Wyly,** an individual; **John Wyly, also known as John M. Wyly**, an individual; **R.P. Medearis** and **Martha E. Medearis**, Trustees for the Robert P. Medearis Revocable Trust Dated June 9, 2000, and the Martha E. Medearis Revocable Trust Dated June 9, 2000; and **Inez Peace**, Cherokee County Treasurer,

        Defendants.

Case No. 06-80502
Chapter 7

Adv. No. 08-08018

EOD 11/24/08 by sev

## O R D E R

This matter came on for hearing before the Court on the 19th day of November, 2008, on the Motion to Dismiss filed by Defendant and Debtor John Wyly (Docket Entry 27), and Plaintiff's Response to Motion to Dismiss and Brief in Support (Docket Entry 37). Appearing at the hearing were John Wyly, pro se, and Karen Carden Walsh, attorney for Plaintiff Carol Wood Mitchell, Trustee. After reviewing the pleadings and briefs submitted by the parties, and considering the arguments of Defendant and counsel for the Plaintiff, the Court hereby enters its findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Defendant John Wyly filed his Chapter 7 bankruptcy in this Court on July 25, 2006. His schedules reflected that he owned a one-eighth (1/8) interest in commercial real estate located in Tahlequah, Oklahoma, with a value of $75,000. Originally, he claimed this as exempt property; however, he later amended Schedule C to remove this property from his list of exempt property. Plaintiff filed this adversary proceeding against the Defendants, including John Wyly, to determine the relative interests of the Defendants in this property, receive approval to sell this property, and to recover post-petition rentals earned from the property. Defendant John Wyly filed his hand–written, pro se motion to dismiss the Complaint on the grounds that he owns only a small portion of this property, that this property is owned jointly with other members of his family, and that he received assurances from an unnamed United States Trustee that this property could not be sold to satisfy claims against him in bankruptcy. He admits that he has been receiving net rental income of up to $500 a month, which is all the money he has to live on. He requests that the Court not allow the Plaintiff to seize and dispose of this family business, and alleges that

2

the Plaintiff is motivated by personal greed in filing this adversary proceeding. Although Defendant does not specifically identify Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, as the basis for his Motion, the Court will treat this pleading as if it did since it appears to be the defense Defendant Wyly is intending to raise, and none of the other defenses listed in Rule 12(b) have been raised by the Defendant or appear applicable to this proceeding.

Plaintiff has responded to the Motion to Dismiss by submitting copies of the Final Decree of Distribution filed in Defendant's father's probate estate granting Defendant a 1/8th interest in the property, a deed granting Defendant an additional 1/12 interest in the subject property, a mortgage on the property given by Co-Defendant Sue Medearis Wyly to Co-Defendants R.P. Medearis and Martha E. Medearis, as trustees of their individual trusts, and other deeds regarding the property. Plaintiff also urges the Court to treat her Response as a motion for summary judgment since matters outside the pleadings are being submitted to the Court. Plaintiff requests that the Court grant her summary judgment against Defendant John Wyly on the basis of the title documents submitted, and because she is entitled to judgment as a matter of law. Defendant John Wyly admitted to the Court that he owns a 1/8th interest in the property, but disputed that he currently owns another 1/12th interest in the property as Plaintiff claims.

The Court finds that Defendant John Wyly's Motion to Dismiss should be denied. To survive a motion to dismiss for failure to state a claim, a plaintiff need only give a defendant fair notice of what the claims are against him, and the grounds upon which the claims are based. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Viewing the allegations contained

3

in the Complaint in the light most favorable to the Plaintiff, the Plaintiff's Complaint sufficiently alleges facts supporting the elements of her claims for relief. *See, Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). The Complaint sets forth detailed facts regarding Defendants' alleged ownership interest in the subject property, and the specific causes of action Plaintiff has against the Defendants, as well as the statutory authority in support of her claims. There is no doubt from the allegations in the Complaint that Plaintiff believes that the property is partially owned by Defendant and Debtor John Wyly, that the Debtor's interest in the property is an asset of his bankruptcy estate, that the property should be sold and the Debtor's share of the proceeds be used to pay creditors, and that any rental income that he received post-petition is also property of the estate that Debtor should turn over to the Plaintiff Trustee. The Complaint is more than sufficient to give the Defendants notice of the Plaintiff's claims against them and the legal and factual basis for these claims.

The Court declines to enter summary judgment in favor of the Plaintiff at this time, although she has submitted documentary evidence to the Court in support of her Complaint and Response to Defendant's Motion to Dismiss. There appear to be some facts that may be in dispute regarding the mortgage on the property and its impact on the owners' relative interests therein. Additionally, the Court notes that the Wyly Defendants have filed Answers denying some of the allegations in the Complaint. Therefore, the Court declines to enter summary judgment at this time.

IT IS THEREFORE ORDERED that Defendant John Wyly's Motion to Dismiss is hereby **denied**.

4

IT IS FURTHER ORDERED that Plaintiff's request for summary judgment against Defendant John Wyly is **denied**.

###